UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-143-H

FRANK A. LITTRIELLO                                                                          PLAINTIFF

V.

UNITED STATES, et al.                                                                          DEFENDANT

**MEMORANDUM OPINION**

Kentuckiana Healthcare, LLC (the "Company"), a limited liability company formed under the laws of Kentucky, operated a nursing home in Scottsburg, Indiana, under the trade name Scott County Healthcare Center. It failed to pay withholding and FICA taxes for some of the tax periods ending between 12/2000 and 3/2002. Frank Littriello ("Littriello"), the plaintiff in this case, was the sole member of the Company during the tax periods in question. The IRS notified Littriello of its intent to levy his property to enforce previously filed notices of federal tax liens for the Company's unpaid withholding and FICA taxes.[1] Littriello requested a due process hearing with the IRS Appeals office in Louisville, Kentucky.

The Appeals Office determined that Littriello was individually liable for the Company's unpaid withholding and FICA taxes. It held that under Treas. Reg. § 301.7701-3(b)(1)(iii), a single member limited liability company that did not elect to be treated as a corporation is considered as a disregarded entity for federal tax purposes. As such, its activities are treated in

---

[1] Defendant seeks to have the Commissioner of Internal Revenue (the "Commissioner") substituted as the proper defendant. Littriello makes no objection to this suggestion.

the same manner as a sole proprietorship, division or branch of the owner under Treas. Reg. § 301.7701-3(a). Through this federal action Littriello seeks judicial review and redetermination of that decision.

The real dispute here concerns the validity of the so-called "check-the-box" regulations for corporations and partnerships. Treas. Reg. § 301.7701-1 through 3. Littriello contends that the check-the-box regulations constitute an invalid exercise of the Treasury's authority to issue interpretive regulations under Internal Revenue Code ("IRC") § 7805(a) and are, thus, unenforceable. If the regulations are invalid, then the Company alone is liable for the taxes at issue. The Commissioner argues that the regulations are valid and that as applied here Littriello is individually liable for the Company's tax obligation. Both sides have moved for summary judgment.

I.

The IRS and the Treasury Department proposed the check-the-box regulations in 1996 to simplify entity classification for tax purposes, believing that the prior regulations had become unnecessarily cumbersome, complex and risky for affected entities. The current regulations function in a relatively straightforward fashion. The Internal Revenue Code treats business entities differently depending upon whether the business entity is classified as a corporation or a partnership. IRC § 7701(a)(3) defines the term "corporation" to include associations, joint-stock companies, and insurance companies. IRC § 7701(a)(2) defines the term "partnership" to include any syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation. The regulations provide

that for the purposes of IRC § 7701(a)(3) any unincorporated business entity that is not a publically traded partnership covered by IRC § 7704 may elect whether or not to be classified as an association. Thus, an unincorporated business entity like the Company can generally elect whether or not to be subject to the corporate tax. A default treatment applies under a variety of circumstances where a business entity chooses not to be considered a corporation. If an unincorporated business entity with more than one member elects not to be treated as an association, it will be treated for federal tax purposes as a partnership. If an unincorporated business entity with only one member elects not to be treated as an association, it will be treated for federal tax purposes as a disregarded entity and taxed as a sole proprietorship. Treas. Reg. § 301.7701-3(a).

## II.

The Court now considers the validity of the check-the-box regulations.[2] *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1989), governs the analysis for reviewing agency regulations. The Supreme Court established a two-part analysis:

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible

---

[2] The Court can find no appellate or district court opinions considering the validity of the check-the-box regulations. One Tax Court opinion, *Dover Corporation v. Commissioner of Internal Revenue*, 122 T.C. 324 (2004), discusses the regulations and notes that "some commentators" had questioned whether they constitute a valid exercise of regulatory authority. *Id.* at 330-31 (n.7). Neither party challenged the validity of the regulations in that case.

construction of the statute.

*Id.* at 842-43 (footnotes omitted). The Sixth Circuit has employed *Chevron* when assessing the validity of interpretive Treasury regulations. *Hospital Corporation of America & Subsidiaries v. Commissioner*, 348 F.3d 136, 140 (6th Cir. 2003); *Ohio Periodical Distributors, Inc. v. Commissioner*, 105 F.3d 322, 324-326 (6th Cir. 1997).

A.

Under step one of the *Chevron* analysis the Court looks to whether the intent of Congress is clear on the precise issue of business classification for federal tax purposes. The IRC defines "partnership" and "corporation" as being mutually exclusive. A business entity for tax purposes is defined either as a partnership or as a corporation. Littriello contends that the check-the-box regulations violate this manifest intent because two identical business entities may elect different classifications. The Commissioner responds that the term "association" in the statutory definition of a corporation is ambiguous.

Read together IRC § 7701(a)(2) and § 7701(a)(3) do not seem to make a clear distinction between an "association" which is treated for tax purposes as a corporation and a "group pool or joint venture" which is treated for tax purposes as a partnership. The definition of the "corporation" in the IRC dates from the Revenue Act of 1918 and the definition of the term "partnership" was added in 1932. Since then, Kentucky has endorsed the limited liability company as a popular business form. Business entities formed under state law most often seek to combine the limited liability of a corporation with the tax benefits of a partnership exacerbating the ambiguity in the definitions section of the statute. A business entity registered in Kentucky as a limited liability company does not fall squarely in either the partnership or

4

corporation category as defined in the IRC. This is undoubtedly true in most other states as well. Indeed, the ambiguity is part of the reason for providing unincorporated business entities with a choice of treatment. Therefore, the Court concludes that the Commissioner's argument that the statute is ambiguous on this point is more persuasive than Littriello who seeks to impose clarity where the Court finds none.

B.

Step two of the *Chevron* analysis requires the Court to decide "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. The Treasury promulgated the check-the-box regulations pursuant to its general authority to issue "needful rules and regulations for the enforcement of [the IRC]." IRC § 7701(a). The regulations at issue interpret the definitions sections of the IRC. The classification of a business entity affects how the IRS assesses tax liability.

Littriello argues that the plain meaning of the Internal Revenue Code forecloses the possibility of an elective regime because "taxation as intended by Congress is based on the realistic nature of the business entity." *Pls.' Mot. for Summ. J.* p 8. Littriello's primary evidence in support of this contention appears to be the previous Treasury regulations, effective prior to January 1, 1997. Former Treas. Reg. § 301.7701-2(1960). These regulations, commonly referred to as the Kintner regulations, looked to six corporate characteristics to determine the tax status of a business entity. The Kintner regulations enumerated the factors used by the Supreme Court in *Morrissey v. Commissioner*, 296 U.S. 344 (1935) to define the characteristics of a pure corporation: (1) associates; (2) an objective to carry on a business and divide the gains there from; (3) continuity of life; (4) centralization of management; (5) liability for corporate debts

5

limited to property; and (6) free transferability of interests. Most every business entity has associates and an objective to carry out a business and profit. Before the check-the-box regulations, any business entity the IRS found to meet three of the remaining four corporate characteristics was classified as a association and taxed as a corporation. Business entities that contained only two of the remaining four where classified and taxed as a partnership. Former Treas. Reg. § 301.7701-2(a)(1).

      Littriello is correct that under the former regulations the Company might have been classified differently. Of course, under the current regulations, the Company could have elected to be classified differently. Moreover, Congressional intent does not attach to the previous regulations. Indeed, Congress appears only to have spoken on this issue through the existing statutes. The check-the-box regulations are only a more formal version of the informally elective regime under the Kintner regulations. A business entity could pick at will which two corporate characteristics to avoid in order to qualify as a partnership under the Kintner regulations. The importance of the change is that under the current regulations a business entity may elect to be taxed as a corporation without specific reference to its corporate characteristics.

      While some reasonable arguments support Littriello's position, the Court ultimately finds them unpersuasive. Under the circumstances, the check-the-box regulations seem to be a reasonable response to the changes in the state law industry of business formation. The rise of the limited liability corporation presents a malleable corporate form incompatible with the definitions of the IRC. The newer regulations allow similar flexibility to the Kintner regulations, with more certainty of results and consequences. Considering the difficulty in defining for federal tax purposes the precise character of various state sanctioned business entities, the

regulations also seem to provide a flexible permissible construction of the statute.

C.

Littriello advances a number of arguments that the Court finds not sufficiently persuasive to change its basic analysis. Littriello says that the check-the-box regulations violate the basic principle of treating like entities alike under the IRC. It is fundamentally wrong, according to Littriello, that two business entities identical in every relevant respect would be classified and thereby taxed differently solely because of a box checked on a form. A single member LLC with all six of the pure corporation characteristics could elect not to be treated as a corporation for federal tax purposes. Conversely a single member LLC with no traditionally corporate characteristics could nevertheless elect to be classified and taxed as a corporation perhaps with the goal of limiting the assets available to that organization's tax liability. This elective function is of course the very point of the check-the-box regulations. In today's business environment, not all corporations are alike and not all partnerships share the same characteristics. In response to an ambiguous statutory definition coupled with a variety of legally created business forms, the Treasury decided that entities may choose their form for tax purposes within the limits of the IRC. Business entities get the good and the bad with their choice. This new criterion added with the check-the-box regulations appears eminently reasonable.

In a somewhat related argument, Littriello argues that the check-the-box regulations impermissibly alter the legal status of his state law created LLC. This construction of the statute, the argument goes, is impermissible because it disregards the separate existence of the LLC and

its sole member created under state law.[3] The Court finds this argument unpersuasive because the check-the-box regulations apply only for federal tax liability purposes. Littriello will not be held liable for other debts of his LLC, he is only being held liable for the relevant tax liability under the IRC. The Court concludes that the reasonableness of this approach considered with the Treasury's general authority to interpret what is on its face an ambiguous statutory provision supports a finding that the check-the-box regulations are valid.

Littriello also argues that, at least with regard to taxes withheld from employees of the Company, his obligation is a debt owed the IRS as its agent not a tax liability. As a member of an LLC, Littriello would not be liable for that LLC's debts under Kentucky law. While Littriello's is a novel argument, the Court agrees with the IRS that taxes withheld from employees of the Company are the responsibility of the employer, here Littriello, not as an agent but as a taxpayer. IRC § 3402.

Finally, Littriello argues that IRC § 6672 is the IRS's sole statutory recourse. To impose tax liability against him under this section, the IRS must prove that Littriello was the responsible person for the lapses in turning over withheld wages which it has not done. This argument lacks merit because the IRS has imposed tax liability upon Littriello as the owner of a sole proprietorship. The Commissioner's assertion that the IRS has not pursued a claim against Littriello under IRC § 6672 is well taken and supported by the evidence. Moreover, that the IRS

---

[3] Littriello relies heavily on *U.S. v. Galletti*, 541 U.S. 114 (2004) contending that *Galletti* is in conflict with disregarding a state law entity. In *Galletti*, the Supreme Court held that the assessment of a general partnership as the relevant taxpayer under IRC § 6203 extended the time for collecting from that employer's general partners who were liable for payment of partnership's debts. To the extent that it is relevant at all, this case supports the Commissioner's contention that the definition of a taxpayer is not made with reference to a person's legal status under state law.

might have more than one possible avenue for enforcement does not imply an impermissible construction of the statute.

The Court will grant Defendant's motion for summary judgment on the issue of the validity of the check-the-box regulations. The Court will enter an order consistent with this Memorandum Opinion.


cc:     Counsel of Record